*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Randall L. Courtney,<br><br>    Plaintiff,<br><br>v.<br><br>Action Barricade Co., LLC, an Arizona limited liability company; Barricade Holdings, LLC, an Arizona limited liability company; Ledbetter Enterprises, LLC, an Arizona limited liability company; John P. Ledbetter, Sr. and Barbara Ledbetter, husband and wife; John Ledbetter Jr. and Lisa Ledbetter, husband and wife; Travis Hough and Jane Doe Hough, husband and wife,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

- 1 -

Plaintiff Randall L. Courtney (hereinafter referred to as "Plaintiff") for his Complaint against Action Barricade Co., LLC, Barricade Holdings, LLC, Ledbetter Enterprises, LLC, John P. Ledbetter, Sr., Barbara Ledbetter, John Ledbetter Jr., Lisa Ledbetter, Travis Hough, and Jane Doe Hough (hereinafter collectively referred to as "Defendants" or "Action Barricade") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Action Barricade for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and failure to make timely payment of wages due under the Arizona Wage Statute, A.R.S. §§ 23-350 et seq. ("Arizona Wage Statute").

2. This action is brought to recover unpaid overtime wage compensation, including unlawfully withheld wages for time worked off the clock, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, including unlawfully withheld wages for time worked off the clock, unpaid vacation pay promised in writing to be paid, and unpaid promised yearly bonuses, treble damages and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the

State of Arizona within this District. Plaintiff was employed by Action Barricade in this District.

### III. PARTIES

7. At all times relevant to the matters alleged herein, Plaintiff Randall L. Courtney resided in the State of Arizona in Mohave County.

8. Plaintiff was a full-time, non-exempt employee of Action Barricade from on or around July 15, 2015 until on or around October 13, 2016.

9. Plaintiff was employed primarily to perform labor and clerical tasks during his tenure at Action Barricade, such as setting up the Action Barricade shop and yard in Kingman, Arizona, and performing physical labor related to setting up and taking down traffic control barricades and sites.

10. During Plaintiff's tenure at Action Barricade, Plaintiff did not work for a predetermined wage but instead was paid hourly. Although Action Barricade promised to pay Plaintiff a minimum of $1,000 per week during his tenure, his pay remained hourly and was dependent on the amount of time he spent working each week.

11. Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

12. Defendant Action Barricade Co., LLC is an Arizona limited liability company, authorized to do business in Arizona, and operates a traffic control business in Arizona.

13. Defendant Barricade Holdings, LLC is an Arizona limited liability company, authorized to do business in Arizona, and upon information and belief operates a traffic control business in Arizona. Defendant Barricade Holdings, LLC is a Manager and Member of Defendant Action Barricade Co., LLC.

14. Defendant Ledbetter Enterprises, LLC is an Arizona limited liability company, authorized to do business in Arizona, and upon information and belief operates a

traffic control business in Arizona. Defendant Ledbetter Enterprises, LLC is a Member of Defendant Action Barricade Co., LLC.

15. At all relevant times, Defendants Action Barricade Co., LLC, Barricade Holdings, LLC, and Ledbetter Enterprises, LLC were employers as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

16. Defendants John P. Ledbetter, Sr. and Barbara Ledbetter are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. John P. Ledbetter, Sr. is Member of Defendant Ledbetter Enterprises, LLC, which is one of the Members of Defendant Action Barricade Co., LLC.

17. Defendants John Ledbetter Jr. and Lisa Ledbetter are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Defendant John Ledbetter Jr. is a Member of Barricade Holdings, LLC and Ledbetter Enterprises, LLC which are Members of Action Barricade Co., LLC.

18. Defendants Travis Hough and Jane Doe Hough are husband and wife. Jane Doe Hough is the fictitious name for Travis Hough's wife, and this Complaint will be amended once her real name is ascertained. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Defendant Travis Hough is a Manager and Member of Barricade Holdings, LLC, which is a Manager and Member of Action Barricade Co., LLC.

19. Under the FLSA, Defendants John P. Ledbetter, Sr., John Ledbetter Jr. and Travis Hough are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. In their respective roles as management and membership of the entities comprising Action Barricade, Defendants John P. Ledbetter, Sr., John Ledbetter Jr., and Travis Hough were, upon information and belief, at all times persons responsible for determining the method

and rate of Plaintiff's payment of wages. As persons who acted in the interest of Action Barricade in relation to the company's employees, John P. Ledbetter, Sr., John Ledbetter Jr., and Travis Hough are subject to individual liability under the FLSA.

20. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

21. Action Barricade is a Phoenix-based company that provides a range of traffic control services. It offers sales and rental of construction barricades, traffic control signs, cones, pedestrian barricades, and temporary concrete barriers.

22. On or around July 15, 2015, Plaintiff began employment with Action Barricade performing as his primary duty the manual labor work associated with setting up and tearing down traffic control sites in and around Kingman, Arizona.

23. Plaintiff also worked to a minimal extent on administrative, clerical, and sales duties at the Kingman, Arizona branch office for Action Barricade.

24. Despite Plaintiff's role at the Kingman, Arizona branch office, Plaintiff did not customarily and regularly manage two or more full time employees during his employment, nor did he have the ability to exercise discretion or independent judgment in how he performed his duties.

25. Plaintiff's tasks were dictated to him by the Action Barricade management in the Phoenix, Arizona office and/or the Flagstaff, Arizona office. The policies he was required to follow in performing his duties were formulated by the management who supervised him.

26. For example, if Plaintiff gave a quote for a barricade setup, that quote was decided by management in the Phoenix, Arizona and/or Flagstaff, Arizona office and Plaintiff did not have any discretion or say in the amount.

27. Plaintiff also did not have the discretion or managerial authority required to direct the employment of the few employees who worked with him during a brief period in the Spring and Summer of 2016. For example, Plaintiff worked with two drivers and one administrative assistant during this short period of his employment. However, the hiring and supervision of the employees who worked with Plaintiff for this short few-month period was directed by Plaintiff's supervisors, not Plaintiff himself. Other than this brief period, Plaintiff worked by himself, except for having his employment directed by his supervisors in the Phoenix office throughout his employment.

28. Plaintiff was paid an hourly wage ranging between $18.00 and $25.00 per hour dependent on the quantity of time worked. From mid-July 2015 when he was hired until July 15, 2016, Plaintiff was paid $18.00 per hour. Beginning July 15, 2016, Plaintiff was paid $25.00 per hour.

29. Plaintiff turned in Driver Trip Sheets documenting his time on a daily basis. However, Plaintiff's payment of hourly wages did not reflect the amount of time he worked as indicated on the Driver Trip Sheets he was required to turn in to management.

30. For example, Plaintiff submitted Driver Trip Sheets for the period of April 1, 2016 through April 7, 2016 documenting that he worked sixty-one and one half (61.5) hours during that time period. *See* Exhibit A. However, Plaintiff was only paid for fifty and one half (50.5) hours for that same pay period as indicated on his pay statement. *See* Exhibit B.

31. Plaintiff submitted Driver Trip Sheets documenting that he worked sixty-four and one half (64.5) hours for the period from June 17, 2016 through June 23, 2016. *See* Exhibit C. Despite working that many hours, Plaintiff was only paid for fifty and one half (50.5) hours for that pay period. *See* Exhibit D.

32. Plaintiff submitted Driver Trip Sheets documenting that he worked fifty-seven and one half (57.5) hours for the period from July 29, 2016 through August 4, 2016. *See* Exhibit E. Action Barricade only paid Plaintiff for forty (40) hours during that same period. *See* Exhibit F.

33. Plaintiff routinely worked with knowledge of management in excess of forty (40) hours per week during his tenure at Action Barricade.

34. Plaintiff routinely worked approximately fifty-seven (57) hours during the typical week.

35. Despite being routinely required to work in excess of forty (40) hours per week, Plaintiff was not paid the premium one and one-half times his regular rate as required under the FLSA for all the hours worked over forty (40) in a workweek.

36. Defendants knew that Plaintiff regularly worked more than forty (40) hours in a workweek because Plaintiff turned in the Daily Trip Sheets indicating that was the case.

37. However, Defendants distributed payroll time sheets to Plaintiff on Friday of each week, which reduced the amount of hours he worked in comparison to the contemporaneously kept Daily Trip Sheets that Plaintiff turned into the company to accurately reflect the hours he worked. Plaintiff was required to sign the inaccurate payroll time records with the reduced hours in order to receive his paycheck, even though he protested that he worked more hours than what was reflected on the payroll time records the company required him to sign, as reflected in the Daily Time Sheets he submitted.

38. In addition, according to the written policy in the Action Barricade Employee Handbook, Action Barricade had a policy of paying an employee for any earned vacation days when an employee leaves the company.

39. However, Plaintiff was not paid out for approximately twenty two (22) hours of earned vacation time when his employment ended.

40. Upper management also informed Plaintiff that Action Barricade had a policy to pay Plaintiff a bonus on a yearly basis. Despite the promise to receive a bonus, Plaintiff was never paid the bonus that he earned and to which he was entitled.

41. As a result of these actions, Action Barricade wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked, and vacation time and bonuses he earned and should have been paid according to company policy.

## V. COUNT ONE

**(Failure to Pay Proper Overtime Wages - FLSA - 29 U.S.C. § 207)**

42. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

44. Action Barricade was an employer pursuant to 29 U.S.C. § 203(d).

45. Action Barricade failed to comply with 29 U.S.C. § 207 by failing to pay Plaintiff the statutorily required overtime wage of one and one-half times Plaintiff's regular rate for hours worked by Plaintiff in excess of forty (40) in a workweek as required by the FLSA.

46. Defendants' failure to pay overtime to Plaintiff was willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants had no reason to believe its failure to pay overtime was not a violation of the FLSA.

47. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VI. COUNT TWO

**(Failure to Timely Pay Wages Due - Arizona Wage Statute)**

48. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

49. At all relevant times, Plaintiff was employed by Action Barricade within the meaning of the Arizona Wage Statute.

50. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

51. Defendants were aware that, under A.R.S. §§ 23-351-353, they were obligated to pay all wages due to Plaintiff.

52. Defendants failed to compensate Plaintiff for wages he was due.

53. Defendants failed to timely pay Plaintiff his regular and overtime wages due, including vacation time promised to be paid pursuant to written policy and bonuses promised to be paid, without a good faith basis for withholding the wages.

54. Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## VII. REQUESTED RELIEF

WHEREFORE, the Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award restitution;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01;

G. For the Court to award pre- and post-judgment interest;

H. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

I. For such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

55. Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: January 25, 2017

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

 /s/ Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100
Facsimile: 602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748

Attorneys for Plaintiff